UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

KIMBERLY SHEPARD,  No. 2:09-cv-00843-MCE-DAD

    Plaintiff,

  v.  MEMORANDUM AND ORDER

UNITED HEALTHCARE INSURANCE COMPANY,

    Defendant.

Presently before the Court is Plaintiffs' Ex Parte Application for Temporary Restraining Order. Certain prerequisites must be satisfied prior to issuance of a temporary restraining order. See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974) (stating that the purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer"). In order to warrant issuance of such relief, Plaintiffs must demonstrate either: 1) a combination of probable success on the merits and a likelihood of irreparable injury; or

2) that serious questions are raised and the balance of hardships tips sharply in favor of granting the requested injunction. Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839-40 (9th Cir. 2001); Winter v. Natural Resources Defense Council, 129 S. Ct. 365, 375 (2008) (likelihood rather than possibility of success on the merits required for issuance of preliminary injunctive relief). These two alternatives represent two points on a sliding scale, pursuant to which the required degree of irreparable harm increases or decreases in inverse correlation to the probability of success on the merits. Roe v. Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998); United States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir. 1992).

    Plaintiff recognizes that the very purpose of a TRO is to preserve the status quo until a preliminary injunction hearing may be had. Accordingly, Plaintiff characterizes the status quo in this case as one in which her current level of care must be preserved. However, while the Court understands the basis for her argument and is sympathetic to her position, the status quo in this case is actually one in which Plaintiff voluntarily admitted herself into a residential treatment facility and is now seeking a Court order compelling Defendant to provide coverage for services it has at all times denied. The Court is unable to do so without drastically altering, rather than preserving, the status quo.

///

///

///

///

Moreover, Plaintiff has submitted insufficient evidence to indicate that she has exhausted available administrative remedies. Indeed, there is no evidence before the Court suggesting Plaintiff requested from the California Department of Managed Health Care to have the matter submitted to an independent agency for external medical review.

Consequently, for the reasons just stated, Plaintiff's Application is DENIED without prejudice.

IT IS SO ORDERED.

Dated: April 3, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE