1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   DAVID M. HUMISTON  Bar No. 90579
2  david.humiston@sdma.com
   EDWARD A. STUMPP  Bar No. 157682
3  edward.stumpp@sdma.com
   801 South Figueroa Street, 19th Floor
4  Los Angeles, California 90017-5556
   Telephone: (213) 426-6900
5  Facsimile: (213) 426-6921

6  Attorneys for Defendant
   UNITED HEALTHCARE INSURANCE COMPANY
7

8           UNITED STATES DISTRICT COURT

9        EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO

10

11 | KIMBERLY SHEPARD,                  | CASE NO.  09-CV-00843 MCE (DADx)
12 |     Plaintiff,                     |
                                         | **STIPULATED PROTECTIVE ORDER**
13 |     v.                             |
14 | UNITED HEALTHCARE
   | INSURANCE COMPANY,
15 |
   |     Defendant.
16

17     WHEREAS, the parties to this action believe that certain information that is
18 or may be sought or disclosed in discovery in this action may constitute
19 confidential financial, business and other commercial and sensitive personal
20 records, reports and information entitled to protection from disclosure under
21 California and Federal law;
22     WHEREAS, the parties desire to establish a mechanism to prevent the
23 improper disclosure of such information whether produced by parties or other
24 persons;
25     IT IS HEREBY STIPULATED, that:
26     1.     The procedures outlined in this Stipulated Protective Order
27 ("Stipulation and Order") shall apply to all documents, things and information
28 subject to discovery or disclosed pursuant to the Federal Rules of Civil Procedure

LA/938955v1

-1-
STIPULATED PROTECTIVE ORDER and [PROPOSED] ORDER

1  or offered in any court filings or at court hearings or trial, including without
2  limitation, written discovery responses, documents and tangible things produced,
3  expert reports, or transcripts of any testimony adduced at deposition upon oral
4  examination or at court hearings (including any trials).
5       2.   For purposes of this Stipulation and Order, the following definitions
6  shall apply:
7            (a)  As used herein "DOCUMENT" shall mean any "writing" as
8  defined in Rule 1001 of the Federal Rules of Evidence, including without
9  limitation any records, exhibits, reports, samples, transcripts, video or audio
10 recordings, affidavits or declarations, briefs and motion papers, summaries, notes,
11 abstracts, drawings, company records and reports, written discovery responses, or
12 databases, whether tangible or stored as computer records;
13           (b)  As used herein, "DESIGNATING PARTY" shall mean a party
14 that seeks to designate a particular DOCUMENT in accordance with the
15 designation set forth in paragraph 3 immediately below.
16           (c)  As used herein, "REQUESTING PARTY" shall mean a party
17 that seeks production of a particular DOCUMENT.
18      3.   The following confidentiality designation available with respect to
19 DOCUMENTS produced in this matter are:
20      A party may affix the legend "CONFIDENTIAL INFORMATION" to
21 DOCUMENTS it believes to contain information subject to protection under Rule
22 26(b) of the Federal Rules of Civil Procedure.
23      4.   Parties and non-parties need not designate DOCUMENTS before
24 producing them for inspection by the REQUESTING PARTY.  However,
25 designations must be made by the DESIGNATING PARTY before copies of
26 produced documents are provided to, or are made by, the REQUESTING PARTY.
27 Designations will be made by affixing the appropriate legend on each and every
28 page of the designated DOCUMENT.  In the case of information disclosed in a

non-paper medium (e.g. video tape, computer disks, etc), the appropriate legend shall be affixed to the outside of the medium or its container so as to clearly give notice of its designation. This designation is deemed to apply both to the non-paper medium itself and to the information contained therein.

5. DOCUMENTS bearing the legend CONFIDENTIAL INFORMATION shall not be disclosed outside this litigation.

6. If any Party seeks to file with the Court a DOCUMENT bearing the legend "CONFIDENTIAL INFORMATION" that Party must first obtain permission of the Court to file the document under seal in accordance with Local Rules 140 and 141 and thereafter the document shall be marked:

   (a) "Contains CONFIDENTIAL INFORMATION; To be Opened Only By or As Directed By the Court"

   (b) or with such other designation as is ordered by the Court or as required by the Clerk of the Court.

A copy of this filed endorsed Stipulation and Order will be submitted with all DOCUMENTS requested to be filed under seal pursuant to this paragraph.

7. Should need arise during the trial or any hearing before the Court for either party to cause CONFIDENTIAL INFORMATION to be disclosed, it may do so as ordered by the Court or by agreement of the parties or their attorneys.

8. This Stipulation and Order shall be without prejudice to the right of any party to bring before the Court at any time the question of whether any particular DOCUMENT or the information contained therein is "CONFIDENTIAL" or whether its use should be restricted to disclosure to persons or entities designated in paragraph 11 below or to present a motion pursuant to Rule 26(b) of the Federal Rules of Civil Procedure for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.  This Stipulation and Order shall not be deemed to prejudice the parties in any way in any future application for modification of this

Stipulation and Order. On any motion challenging the designation of any particular DOCUMENT or the information designated therein as "CONFIDENTIAL," in accordance with Rule 26 (b) of the Federal Rules of Civil Procedure, the party seeking to uphold its designation shall bear the burden of establishing good cause for the protection sought. An opposing party shall not be obligated to challenge the propriety of a designation at the time made, and failure to do so shall not preclude subsequent challenge.

9. With respect to any DOCUMENT bearing one of the designations set forth in Section 3 above, the DESIGNATING PARTY shall produce a clean (i.e., undesignated) copy of that DOCUMENT within twenty (20) calendar days from any of the following occurrences: (a) the DESIGNATING PARTY'S withdrawal of its designation of that DOCUMENT; or (b) notice of entry by the Court of an order nullifying the designation with respect to that DOCUMENT.

10. Testimony given at any deposition, or trial may be designated as "CONFIDENTIAL" by making a statement to that effect on the record at the deposition, hearing or trial. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as "CONFIDENTIAL," and to label such portions appropriately.

11. DOCUMENTS designated as "CONFIDENTIAL" by a DESIGNATING PARTY or the information contained therein, may be disclosed only to the parties to this action, their present and former officers, directors or employees, so designated by any party to aid in the prosecution, defense or settlement of this action, their in-house or outside counsel (together with their paralegal assistants, clerical and secretarial staffs), the Court (including Court personnel and jurors), court reporter(s) employed in this action and any experts or consultants (together with their clerical staff) retained by the parties and/or their counsel for assistance in the prosecution, defense or settlement of the litigation, but

with the sole exception of the Court, only after they have been informed of this stipulation, have agreed to be bound by it and have executed a nondisclosure agreement in the form of Attachment A affixed hereto.  Disclosure shall be made to such persons only as is necessary for the prosecution, defense or settlement of this litigation.

12. Depositions at which any "CONFIDENTIAL" DOCUMENTS, or the information contained therein, is introduced as exhibits or their contents are otherwise mentioned or used shall be taken only in the presence of those persons designated in paragraph 11 above.

13. The Clerk of the Court is directed to maintain under seal all materials filed with the Court which comprise or contain designated material.

14. Nothing herein shall be construed as an agreement or admission by any party that any designated material is in fact confidential, contains trade secrets, or is relevant, admissible or material, nor shall anything herein alter any existing obligation of any party or the absence thereof.

15. This Stipulation and Order shall survive the termination of this action (by settlement or by judgment which is final and no longer subject to appeal or review), to the extent that the information contained in the "CONFIDENTIAL" DOCUMENTS remains private or is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.  Within 30 days after the conclusion of this litigation, all materials designated hereunder and all copies thereof shall be returned (or destroyed with written confirmation of such destruction) to the counsel for the designating person or party who produced the documents.

16. Nothing in this Stipulation and Order shall preclude either party from disclosing or using, in any manner or for any purpose, any DOCUMENT which was lawfully in its possession prior to this litigation or was obtained from a third party having the apparent right to disclose that DOCUMENT.

17. Nothing herein shall preclude any DESIGNATING PARTY who originally designated DOCUMENTS or information contained therein which were produced during discovery as '"CONFIDENTIAL" from itself disclosing such DOCUMENTS or the information contained therein which that DESIGNATING PARTY originally designated as "CONFIDENTIAL" during discovery as that DESIGNATING PARTY deems appropriate.

18. Nothing in this Stipulation and Order shall require production of a DOCUMENT which a party contends is protected from disclosure by the attorney-client privilege or work product immunity.  If a DOCUMENT subject to a claim of attorney-client privilege or work product immunity is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product immunity for that DOCUMENT.  If a party has inadvertently produced to the other party a DOCUMENT subject to a claim of immunity or privilege, the other party upon request shall promptly return all copies of that DOCUMENT and shall destroy any newly created DOCUMENT containing a summary of or comment regarding the inadvertently produced DOCUMENT.

19. The parties intend that this Stipulation and Order be binding upon them and enforceable as an Order of the Court.  The parties seek the Court's approval and entry of the terms of this Stipulation and Order as an Order of the Court.  Prior to entry, however, this Stipulation and Order shall be binding upon the parties hereto and all parties with notice of it to whom disclosure of "CONFIDENTIAL" DOCUMENTS or the information contained therein has been made under its terms, and such parties or persons agree that the Court may impose such sanctions for violation of the Stipulation and Order as would be appropriate had the Stipulation and Order been filed and entered as an Order of the Court at the time of the violation.

/ / /

20. Any other party that is not an original signatory to this Stipulation and Order may at any time enter into this Stipulation and Order whereby the terms and conditions set forth herein will have the same force and effect to subsequent parties as it does to the original parties herein.  All parties to this Stipulation and Order specifically reserve, without limitation, any and all discovery objections made to any discovery request served in this action and agree that this Stipulation and Order does not constitute a waiver of any rights or objections whatsoever that the parties have asserted or may assert throughout the continuation of this action.  Nothing in this Stipulation and Order shall be construed to prohibit any party from asserting that the Stipulation and Order does not adequately protect the rights and interest of a party or any third parties in documents or information that have been sought in discovery and objected to in this action.

DATED: January 25, 2010

SEDGWICK, DETERT, MORAN & ARNOLD LLP


By:  /s/ Edward A. Stumpp_____
    David M. Humiston
    Edward A. Stumpp
    Attorneys for Defendant
    UNITED HEALTHCARE INSURANCE
    COMPANY

DATED: January 25, 2010

KANTOR & KANTOR


By:  /s/ Elizabeth Green_____
    Lisa Sue Kantor
    Elizabeth Green
    Attorneys for Plaintiff
    KIMBERLY SHEPARD

# **Appendix A**

Viewing Record and Agreement

The undersigned hereby acknowledges:

1. I have received a copy of the Stipulated Protective Order for Production of Documents entered into in the matters of *Kimberly Shepard v. United Healthcare Insurance Company*, United States District Court Case No. CV-09-00843 MCE (DADx).

2. I have been provided temporary custody and/or viewing privileges to **CONFIDENTIAL DOCUMENTS** as defined in the Stipulated Protective Order, and in consideration thereof, I agree to be bound by the terms and conditions of the Stipulation and Order.

Dated: _____

_____
[Signature]

_____
[Print Name/Company]

# **ORDER**

After considering the Stipulated Protective Order IT IS HEREBY ORDERED THAT the Stipulation and Order is APPROVED BY THE COURT.

DATED: January 28, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1/orders.civil/shepard0843.protectord